113 F.3d 1243
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Miguel Angel GONZALEZ, a/k/a Miguel Gonzales, Defendant-Appellant.
 No. 96-36108.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 6, 1997.*
Decided May 9, 1997.
 
 Before: FLETCHER, REINHARDT and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Miguel Angel Gonzalez appeals the district court's denial of his second 28 U.S.C. § 2255 motion. We affirm.
 
 
 3
 Gonzalez contends that the attorney who represented him during his first section 2255 proceeding provided him with ineffective assistance by failing to file a timely petition for writ of certiorari. "This claim fails because there is no constitutional right to counsel at a collateral, post-conviction section 2255 proceeding. Without such a right, [Gonzalez] cannot assert a claim for ineffective assistance of counsel." Sanchez v. United States, 50 F.3d 1448, 1456 (9th Cir.1995) (citations omitted).
 
 
 4
 Relying on Allen v. Sakai, 48 F.3d 1082 (9th Cir.1995) and Casey v. Lewis, 43 F.3d 1261 (9th Cir.1994), rev'd, 116 S.Ct. 2174 (1996), Gonzalez contends that his counsel's failure to file a timely petition for writ of certiorari violated his constitutional right of access to the courts. Gonzalez's reliance is misplaced. Allen and Casey concern the duty of prison authorities, not appointed counsel, to provide prisoners with meaningful access to the courts.
 
 AFFIRMED.[1]
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Gonzalez's motion for an extension of time to file a reply brief is denied as moot